IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SLYDE ANALYTICS, LLC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:23-CV-00172-RWS-RSP |
| | § | |
| ZEPP HEALTH CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Transfer to the Central District of California. (Dkt. No. 11). After consideration, the Court concludes that Zepp has not met its burden of showing that the Central District of California would be a clearly more convenient venue. Accordingly, the Court **DENIES** Zepp's Motion to Transfer.

I. APPLICABLE LAW

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious

and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II. ANALYSIS

### a. This Action Could Have Been Brought In The Central District Of California

The parties agree, and the Court therefore finds, this action could have been brought in the Central District of California.

### b. The Relative Ease Of Access To Sources Of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). Nonetheless, the Federal Circuit has previously directed courts to "consider[] the location of document custodians and location where documents are created and maintained" even when documents are in electronic format or available via the cloud. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Thus, the Court will weigh physical evidence in favor of the location of such evidence, and will weigh identified document custodians, along with the creation and maintenance of records, in favor of their location, and otherwise find that electronic evidence is fairly neutral.

Zepp contends that relevant evidence relating to the design and development of the accused products is in China and Silicon Valley with Zepp's various subsidiaries and no relevant evidence exists in Texas. Zepp contends these documents are stored on cloud servers managed and maintained by personnel in China.

Slyde contends Zepp has not specifically identified any documents, only identifying broad categories while all of Slyde's sources of proof are located in this District. Slyde contends it maintains its office and documents in this district. Slyde contends it is an authorized distributor of

3

Myotest SA's software products covered by the patents-in-suit. Slyde further points to documents related to its licensing efforts in the possession of third parties in the district.

The Court finds this factor is largely neutral. Zepp has only identified electronically stored evidence in broad strokes and has not identified particular custodians or any custodial duties. Such evidence is readily accessible in this or any other district. Further, while courts expect the accused infringer to possess the majority of discoverable documentation in patent cases, Zepp has not identified itself as a custodian but rather non-party subsidiaries. Slyde has identified documents somewhat more specifically in this district. Thus, on balance, this factor is largely neutral.

      c. **The Availability Of Compulsory Process To Secure The Attendance Of Witnesses**

Zepp contends this factor is neutral and identifies no potential third party witnesses.

Slyde counters identifying a current employee and current contractor of Zepp in Texas as well as two independent board members who maintain business addresses in Texas. Slyde contends these board members, who are on Zepp's audit committee, have relevant knowledge regarding Zepp's financials relevant for damages. Slyde contends it is not clear if these individuals would be willing or unwilling witnesses and thus compulsory process may be required. Additionally, Slyde identifies AGIS Software Development in this District as having information regarding prior art and potentially comparable licenses, as well as other third parties[1].

Zepp replies that the board members do not have relevant financial information. Zepp contends the relevant financial information is with its subsidiary and these board members are not involved in the day-to-day operations of such. Zepp also contests that the third-party witnesses are

---

[1] Slyde also identifies Samsung as a relevant third party and identifies a particular Samsung employee. However, the Court has no doubt that Samsung is equally subject to compulsory process in California as Texas and would doubtlessly provide relevant witnesses there as well as here. Thus, Samsung does not weigh against transfer.

4

only available for compulsory process in Texas or that they have relevant information.

The Court finds this factor weighs somewhat against transfer. While Slyde has not made an exhaustive showing that its identified witnesses are only available in Texas, the Court is satisfied that they are largely individuals who reside in Texas and thus are not likely available for compulsory process outside of their home state. Further, the Court finds that the identified board members, whether willing or unwilling witnesses, may have relevant information. While Zepp contends its subsidiary is the real party, plaintiff has asserted infringement against only Zepp. As such it is Zepp's financial information that will be relevant, not just the subsidiary's. Thus, the board members are likely to have relevant information. Likewise, the licensing information in the possession of the third parties is sufficiently relevant here. The board members likewise weigh against transfer, either under this factor or the willing witness factor, The Court therefore finds that the identified witnesses weigh somewhat against transfer.

### d. The Cost Of Attendance For Willing Witnesses

Zepp contends this factor weighs in favor of transfer. Zepp contends it has no employees with knowledge of the accused products. Zepp points to its subsidiaries in California and China as having all relevant information but does not identify any individuals. Zepp further contends the majority of plaintiff's witnesses are outside the district. Zepp points to the prior patent owners in Switzerland and contends California would be more convenient for them as well.

Slyde contends Zepp has failed to identify any particular witness, and its showing is thus insufficient. Slyde points to its own principals in this district and contends this district would be more convenient for them.

The Court finds this factor is neutral. Neither party has sufficiently demonstrated to the Court the location of relevant willing witnesses. Zepp has only broadly asserted all relevant

5

witnesses are in California. This is insufficient, particularly where Zepp contends it is not Zepp but its subsidiaries that are the relevant entities, which the Court cannot accept.[2] In contrast, Slyde has identified particular individuals but not what relevant information they have. As such, the Court is left with little to weigh regarding this factor.

### e. All Other Practical Problems That Make Trial Of A Case Easy, Expeditious, And Inexpensive

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 F. App'x. 295 (Fed. Cir. 2011).

Zepp contends this factor is neutral. Slyde points to its co-pending case against Samsung in this district as weighing against transfer.

Based on these facts, the Court finds this factor weighs against transfer. While the Federal Circuit has explained "judicial economy considerations c[an] not undermine the clear case for transfer in light of the imbalance on the other factors," this factor weighing against transfer is still considered when weighing all factors together. *See In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).

### f. The Administrative Difficulties Flowing From Court Congestion

Zepp points to the number of active patent cases versus the number of district judges as demonstrating congestion favors neither district but concedes this Court historically has a shorter

---

[2] It is Zepp, not its subsidiaries that has been sued. If Zepp has performed no acts of infringement or any acts at all, as Zepp contends, then the Court will find no infringement, not look to the subsidiary unless the corporate structure demands such.

6

time to trial. Slyde contends this factor disfavors transfer as the time to trial in this District is some 9 months faster than in the Central District of California.

Considering the facts of this case, the Court finds this factor disfavors transfer. As with judicial economy, this factor alone cannot dictate the disposition of Defendant's motion, but this factor is considered when weighing all factors together. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021).

### g. The Local Interest In Having Localized Interests Decided At Home

Zepp contends local interest weighs in favor of transfer as its subsidiary performing all relevant activities is located in California. Zepp contends Slyde has no business in this district beyond litigation.

Slyde contends this factor weighs against transfer. Slyde contends there is no evidence that the actual research and development of the accused products occurred in California. Slyde further contends its licensing business is run in this District and it develops and markets software that practices the Asserted Patents.

The Court finds that this factor is fairly neutral. While Zepp's American subsidiary is based in California, this case is against Zepp. While Slyde may develop software, this is a patent case and the importance of such software to the case is unclear where the inventors are located in Switzerland. As both parties have somewhat tenuous local interests in both districts, the Court finds this factor is neutral.

### h. Familiarity Of The Forum With Governing Law And Avoidance Of Unnecessary Conflicts Of Law

The Court has the utmost confidence that both Courts are familiar with patent law such that this factor is neutral.

### i. Weighing of the Factors

In view of the foregoing factors, the Court must determine whether the Central District of California is "clearly more convenient" than the Eastern District of Texas. The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise which tallies up the factors favoring transfer and the factors militating against transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). Instead, the Court must make factual determinations to ascertain the degree of actual convenience, if any, and whether such rises to the level of "clearly more convenient." *See id*. Having weighed the foregoing factors, the Court concludes that the Central District of California has not been shown to be "clearly more convenient."

## III. CONCLUSION

The Court therefore **DENIES** Zepp's Motion.

**SIGNED this 22nd day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE