**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SLYDE ANALYTICS, LLC., | § § § | |
| *Plaintiff*, | § § | CASE NO. 2:23-CV-00172-RWS-RSP |
| v. | § § | |
| ZEPP HEALTH CORPORATION, | § § | |
| *Defendant*. | § § § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(7). (Dkt. No. 27). After consideration, the motion should be **DENIED** for the reasons provided below.

### I.    APPLICABLE LAW

"[A] Rule 12(b)(7) analysis entails two inquiries under Rule 19." *H.S. Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. *Id*.

A party is necessary under Rule 19(a)(1) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

1

Fed. R. Civ. P. 19(a)(1).

"If joinder is warranted, then the person will be brought into the lawsuit." *Wingate*, 327 F.3d at 439. "But if such joinder would destroy the [C]ourt's jurisdiction, then the Court turns to Rule 19(b) and determines "whether to press forward without the person or to dismiss the litigation." *Id*. The factors in a Rule 19(b) analysis include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

## II.     ANALYSIS

Zepp contends that rather that it, its subsidiary Zepp North America, Inc. is the "primary participant" in the alleged infringement and is a necessary party to this action but venue does not exist as to the subsidiary in this district. Therefore, Zepp contends dismissal is proper under 12(b)(7).

Zepp contends it is merely a holding company and has no part in the importation or sale of the accused devices. Rather, Zepp contends such actions are undertaken by its subsidiary who claims an interest in this action. Zepp argues that because any judgment would not include the

actual infringer and the subsidiary would be prejudiced by a judgment in its absence, the subsidiary is a necessary party.

Slyde responds that a patent infringement action need not include such a subsidiary and it can pursue its claim against whomever it believes infringes. Slyde contends Zepp itself is the party that imports and sells the accused products and that prosecuting this act of infringement need not include any subsidiary. Slyde contends that to the extent the subsidiary has any interest in this action, its interests are well represented by the parent, Zepp.

The Court agrees with Slyde and finds the subsidiary is not a necessary party to this litigation. First, the Court can grant complete relief as to the alleged acts of infringement with only the currently joined parties.  "It is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19." *Bowman v. W. Rim Prop. Services, Inc.*, 4:14-cv-672, 2016 WL 7799625, at \*2 (E.D. Tex. Feb. 9, 2016) (citing *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987)). Here, the alleged tort is Zepp's infringement of the asserted patents not the infringement of Zepp's subsidiaries. If Zepp is only a holding company and has not sold or imported the accused devices, the Court will hold Slyde to the defendant it has selected and find no infringement. The fact that Slyde may have selected the incorrect defendant is not grounds to dismiss under 12(b)(7). If Zepp can prove it has taken no action of its own, the appropriate motion would be for summary judgment. Further, the Court sees no reason why Zepp is not adequately positioned to protect whatever interests its subsidiary may have in this litigation. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at \*4 (E.D. Tex. Sept. 5, 2023).

### III.    CONCLUSION

The Court therefore recommends Zepp's Motion be **DENIED** for the reasons provided above.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 27th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE