IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **Slyde Analytics, LLC,**<br><br>    Plaintiff<br><br>v.<br><br>**Zepp Health Corporation,**<br><br>    Defendants | Case No. 2:23-cv-000172-RWS-RSP |

## ORDER

Before the Court is Defendant Zepp Health Corporation's ("Zepp") Corrected Objections to the Magistrate Judge's Report and Recommendation. Docket No. 66. For the reasons described below, Defendant's objections (Docket No. 66) are **OVERRRULED**, and the Report of the Magistrate Judge (Docket No. 61) is **ADOPTED** as the opinion of the Court.

    I.    **BACKGROUND**

Plaintiff Slyde Analytics, LLC ("Slyde") accuses Zepp of infringing a set of patents (collectively "Asserted Patents")[1] relating to smartwatches ("Accused Products"). The Amended Complaint alleges that Zepp directly infringes the Asserted Patents by "making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims" of the Asserted Patents. Docket No. 16 ¶ 21. Defendant filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(7) and 19(a), arguing that the Court should either dismiss the case or transfer it to another forum because the infringement allegations all relate to Zepp's subsidiary—Zepp North America, Inc. ("Zepp North America")—which is incorporated in

---

[1] U.S. Patent Nos. 9,651,922; 9,804,678; 10,198,085; 9,320,457; 9,873,018; and 9,536,134.

the State of Delaware. Docket No. 27 at 5–6. After reviewing the briefings, the Magistrate Judge issued a Report on August 8, 2024, recommending that Defendant's motion be denied because (1) Zepp North America is not a necessary party to this litigation; (2) the Court can grant complete relief as to the alleged acts of infringement with the currently joined parties; and (3) Zepp is adequately positioned to protect whatever interests its subsidiary may have in this litigation. Docket No. 61 at 3. Defendant timely objected to the Report. *See* Docket No. 66 at 3.

## II.     DISCUSSION

Defendant Zepp's objections to the Report of the Magistrate Judge retread the same grounds covered in its motion to dismiss—(1) that Zepp North America is a "primary participant" in the alleged infringement and therefore is a necessary party to this action; (2) that Zepp North America has an interest in this action; (3) that Zepp North American cannot be properly joined to this action; and (4) that this case cannot proceed without Zepp North America. *See* Docket No. 66 at 2; *see also* Docket No. 27 at 2.[2] The Court finds that the Report of the Magistrate Judge is correct in holding that Zepp North America is not a necessary party to this action and that Zepp can adequately protect Zepp North America's interests. Accordingly, Zepp's objections are overruled.

### A.     Zepp North America is not a Necessary Party to this Action

Zepp reargues that Zepp North America is a "primary participant" in the events giving rise to this litigation because the Accused Products "are manufactured in the People's Republic of China and then imported into, and marketed, distributed, offered for sale, and sold in, the" United States by Zepp North America. Docket No. 66 at 8–9. Zepp contends that the Report does not address or distinguish caselaw holding that "primary participants" are considered necessary parties that are

---

[2] The Court notes that objections that merely "reassert. . . previous arguments. . . are insufficient to state an objection" are improper objections that need not be considered. *Havens v. Mills*, No. 2:22-CV-00299, 2024 WL 21599, at *3 (S.D. Tex. Jan. 2, 2024).

required to be joined in the litigation. *Id.* at 9. This contention ignores the fact that the Report has already considered Zepp's position, but "agrees with Slyde and finds the subsidiary is not a necessary party to this litigation." Docket No. 61 at 3.

Upon reviewing the entire record, the Court agrees with the Report's finding that Zepp failed to show it is necessary to join Zepp North America this litigation. *See Hood ex. rel. Miss. v. City of Memphis*, 570 F.3d 625, 628–29 (5th Cir. 2009) (discussing the framework to show that a party is necessary). "In ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence." *Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011) (citation omitted). However, "a court must [still] accept the complaint allegations as true." *Niven v. E-Care Emergency Mckinney, LP*, No. 4:14-CV-00494, 2015 WL 1951811, at *1 n.2 (E.D. Tex. Apr. 10, 2015) (citation omitted). Additionally, the Court must draw all inferences in favor of the non-moving party. *See Durstcrew, LLC v. Tech21 UK Ltd.*, No. A-17-CV-1055-LY, 2018 WL 4343447, at *2 (W.D. Tex. July 2, 2018), *report and recommendation adopted*, No. A-17-CV-001055-LY, 2018 WL 4343432 (W.D. Tex. July 31, 2018).

Zepp reoffers the same facts about whether Zepp could "possibly have performed any alleged act of direct infringement of Slyde's [United States] patents rights." Docket No. 66 at 9; *see also* Docket No. 27 at 8. Slyde, however, already addressed those arguments. Slyde pointed to both the Amended Complaint and other evidence that shows Zepp is "responsible for the development, design, manufacture, and sale of the" Accused Products. Docket No. 35 at 12–16. For example, Slyde references a form filed at the United States Securities and Exchange Commission showing that the manufacturer in China and Zepp are effectively the same. *Id.* at 13. The form further shows that the Chinese manufacturer "sells products to Zepp North America . . . through an independent customs clearance agency for the products to be distributed to local distributors and consumers in the [United States]." *Id.* at 14.

The Court agrees with the Report that Slyde has made a sufficient showing to survive a motion to dismiss. Docket No. 61 at 4.³ The Report is correct that "[h]ere, the alleged tort is Zepp's infringement of the asserted patents not the infringement of Zepp's subsidiaries." Docket No. 61 at 3. Slyde has sufficiently shown that Zepp could have performed the alleged acts of direct infringement that give rise to this litigation. At the motion to dismiss phase, Zepp at most shows that Zepp North America could be a joint tortfeasor for the alleged acts. However, "[i]t is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19." *Bowman v. W. Rim Prop. Services, Inc.*, 4:14-cv-672, 2016 WL 7799625, at *2 (E.D. Tex. Feb. 9, 2016) (citing *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987)). Accepting the allegations in the Amended Complaint as true and drawing all inferences in favor of the non-moving party, the Court determines Zepp North America is not a necessary party to the events giving rise to this lawsuit.

      B.      <u>Zepp North America's Interests in this Action are Protected by Zepp</u>

Zepp also reasserts that Zepp North America is a required party because Zepp North America "claims an interest" in the action and because disposing the action in Zepp North America's absence will unduly prejudice it. *See* Docket No. 66 at 11–12 (citing *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001); *see also* Docket No. 27 at 8–9 (citing same). Zepp complains that the Report fails to provide factual support for its recommendation that there is "no reason why Zepp is not adequately positioned to protect whatever interests its subsidiary may have in this litigation." Docket No. 66 at 11 (citing Docket No. 61 at 3).

Given the allegations of infringement in the Amended Complaint, the Court determines that

---

³ The Court also agrees with the Report's recommendation that this case may be disposed of on summary judgment "[i]f Zepp is only a holding company and has not sold or imported the accused devices." *Id.*

the Report is correct in finding that Zepp could adequately protect the interests of its subsidiary—Zepp North America—which is not even named in the Amended Complaint. *See generally*, Docket No. 16. Zepp reargues that it is a passive holding company and that it "does not control or direct, and is not involved in, the day-to-day operations of [Zepp North America], giving it no insight into how to best protect [Zepp North America's] interest." *Id.* at 12; *see also* Docket No. 27 at 6.

Once again, however, Slyde has already addressed this argument. In particular, Slyde provides evidence that Zepp "maintains control over the 'transaction value and payment terms' for the [Accused Products], demonstrating control and participation in the sales within the United States." Docket No. 35 at 14 (citations omitted).[4] Slyde also points to two cases in this district with facts mirroring the relevant facts here. *See id.* at 10–11 (citing *NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *4 (E.D. Tex. Sept. 5, 2023*); Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 652–53 (E.D. Tex. 2023)). Exactly like here, the plaintiffs in both *NorthStar* and *Arigna* chose to sue the parent corporations instead of the subsidiaries. Both the *NorthStar* and *Arigna* courts found that the interests of the parent companies and their wholly-owned subsidiaries were aligned because parent companies "will adequately protect the interests of [their wholly-owned subsidiaries]." *See NorthStar Sys. LLC*, 2023 WL 5723648 at *4; *Arigna Tech. Ltd.*, 697 F. Supp. 3d at 652.

Zepp has not distinguished these two cases. It cites to an out-of-circuit case holding that a "judgment against Defendant would undoubtedly prejudice the Subsidiaries." Docket No. 66 at 11 (citing *Jurimex*, 201 F.R.D. at 340). The *Jurimex* court reached this result, however, because the conduct of the subsidiaries "is largely at issue in this case." *Id.* This is not the case here. *See* Docket No. 35 at 12–19 (pointing to parts of the Amended Complaint alleging that Zepp directly infringed

---

[4] Slyde argues, and Zepp does not dispute, that Zepp North America is a wholly-owned subsidiary of Zepp. *See* Docket No. 35 at 9; *see also* Docket Nos. 41, 66.

the Asserted Patents and providing evidence substantiating such allegations); *see also supra* Section II.A. Indeed, Slyde alleges patent infringement against the parent company, not the subsidiary. *See supra* Section II.A. Accordingly, the Court determines that the Report is correct in holding that Zepp would adequately protect Zepp North America's interests in this litigation and Zepp North America need not be joined.

### III. CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Zepp objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and Zepp's objections are without merit. Accordingly, it is

**ORDERED** that Zepp's objections (Docket No. 66) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 61) is **ADOPTED** in all respects as the opinion of the Court. It is further

**ORDERED** that Zepp's Motion to Dismiss (Docket No. 27) is **DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2024.**

                                        ROBERT W. SCHROEDER III
                                        UNITED STATES DISTRICT JUDGE